**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4235**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TERRY BARBA, a/k/a Tabir,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:06-
cr-00131-RWT-3)

———————

Submitted:  November 20, 2008      Decided:  November 25, 2008

———————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher M. Davis,  Mary E. Davis, DAVIS & DAVIS, Washington,
D.C., for Appellant.  James Andrew Crowell, IV, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Barba pled guilty pursuant to a written plea agreement to conspiracy to distribute crack cocaine and was sentenced to 240 months imprisonment. Barba's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but addressing the validity of the plea and the reasonableness of Barba's sentence. Although advised of his right to file a pro se supplemental brief, Barba has not done so.

We find that Barba's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Barba was properly advised of his rights, the elements of the offense charged, and the mandatory minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

This court will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In assessing the reasonableness of the sentence, we focus on whether the district

2

court abused its discretion in imposing the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We first examine the sentence for significant procedural errors, and then look at the substance of the sentence. Id. A sentence within a properly calculated sentencing guideline range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

We have reviewed the record and find that Barba's sentence is both procedurally sound and substantively reasonable. The district court properly calculated the Guidelines range, considered that range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006), and determined an appropriate sentence within the Guidelines range. Applying the presumption of reasonableness afforded sentences within the Guidelines range and finding that Barba failed to rebut that presumption on appeal, we conclude that his 240-month sentence is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). We therefore affirm Barba's conviction and sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of

3

his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>